IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS MCNABB, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| PHILLIPS 66 PIPELINE LLC, AND | § | |
| DON PIROLO, INDIVIDUALLY, | § | |
|     Defendants. | § | |

**PLAINTIFF, THOMAS MCNABB'S, ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Thomas McNabb, hereinafter called Plaintiff, complaining of and about Phillips 66 Pipeline LLC, hereinafter called "Phillips", and Don Pirolo, an individual, collectively referred to as "Defendants", and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.   Plaintiff Thomas McNabb, is a citizen of the United States and the State of Texas and resides in Harris County, Texas. McNabb is a former employee of Phillips 66 Pipeline LLC. His consent to participate in this collective action is attached hereto as Exhibit 1.

2.   Defendant Phillips 66 Pipeline LLC is a Delaware limited liability company doing business in the state of Texas. Defendant may be served by serving Corporation Services Company, its registered agent at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.   Defendant Don Pirolo, is a citizen of the United States and the State of Texas and resides in Harris County, Texas. Pirolo may be served with process at his place of work, 9500

1

F.M. 1942, Mont Belvieu, Texas 77580, his residence, 14607 Paloma Glen Ln, Humble, Texas, 77396, or any other place that he may be found.

## JURISDICTION

4.  The jurisdiction of this Court is invoked to seek a redress of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The FLSA establishes minimum wage and overtime pay requirements, as well as prohibits retaliation against employees who report violations. Jurisdiction is proper under 28 U.S.C. § 1331.

5.  This action further invokes the jurisdiction of this Court to redress violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA protects the interests of participants in employee benefit plans. Plaintiff seeks recovery of the benefits owned to him pursuant to the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a)(l)(B). Pursuant to 29 U.S.C. § 1132(a), the Plaintiff seeks a judgment against Phillips for all such legal and equitable relief he shall be entitled to for Phillips' violations of ERISA.

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events that give rise to this claim occurred in this judicial district.

## NATURE OF ACTION

7.  This is an action under Section 216(b) of the FLSA on behalf of Plaintiff in order to recover unpaid wages and unpaid overtime wages. This action is also made under Section 510 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140, in order to recover benefits due to him under the terms of Phillips' pension and employee benefits plans.

8.  Furthermore, Plaintiff brings this collective action pursuant to Section 216 of the FLSA seeking to recover the unpaid minimum wages, overtime wages and other damages owed to himself and other similarly-situated employees of Defendant Phillips 66 Pipeline LLC.

2

## FACTS

9. McNabb was employed by Phillips as a planner/scheduler at its location in Mont Belvieu, Texas. In each of the past three (3) years, Phillips' gross annual revenues have well exceeded $500,000.00.

10. In performing his duties as a planner/scheduler, McNabb was an employee engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

11. Throughout his employment with Phillips, McNabb routinely worked in excess of forty (40) hours in a workweek, and Phillips and Pirolo were well aware of the fact that McNabb routinely worked in excess of forty (40) hours in a workweek.

12. Up until 2014, Phillips paid McNabb an hourly rate of at least $40.00 per hour for each hour he worked. Phillips also paid McNabb one-and-one-half times his hourly rate for hours he worked in excess of forty (40) in a workweek. His calculated pay at the time was $116,200 annually, not including bonuses. Including bonuses, it is believed that McNabb made over $130,000.00 in 2013.

13. However, for reasons unknown to McNabb, Phillips made the decision to change the way it paid McNabb for his labor. In 2014, Phillips reduced McNabb's calculated pay down to an annual salary of $89,376 and reclassified McNabb as an "exempt" employee under the FLSA.

14. McNabb's job duties did not change along with the switch to salary pay and reclassification as an "exempt" employee, just the manner in which Defendant compensated

McNabb for his working time. McNabb was required to continue to work overtime just as he did prior to the reduction in pay, and he was no longer compensated one-and-one-half times his hourly rate for hours he worked in excess of forty (40) in a workweek.

15. McNabb, while still employed, complained to his supervisor, Pirolo, regarding the reclassification and reduction in pay. Subsequently, on March 1, 2017, Defendants terminated McNabb; McNabb was not notified of the termination until March 3, 2017.

16. McNabb had nineteen (19) years of service and was forty-eight (48) years old when he was terminated. McNabb was adversely affected by this termination since it took place shortly before he would have received pension and employee benefits totaling over Three-hundred Thousand and No/100 Dollars ($300,000.00).

17. By terminating McNabb early, Phillips was able to: (1) prevent McNabb from attaining his right to entitlement to pensions and employee benefits totaling over $300,000.00 and (2) eliminate any future contributions to McNabb's pension and employee benefits. As a result of this termination, McNabb has suffered and continues to suffer significant financial losses.

18. Defendants stated reasons for firing Plaintiff were merely a pretext for the real reason McNabb was fired –because he reported to his superior, Pirolo, his misclassification as an "exempt" employee under the FLSA, and to prevent McNabb's pension and employee benefits from vesting, negating duties Phillips would have to pay these benefits to McNabb due to of his age and time of service.

19. Phillips and Pirolo discharged McNabb because he reported the illegal practices of Defendants, and in order to avoid payment of pension and other benefits which were about to vest because of the necessary combination of McNabb's age and years of service with Phillips.

## COLLECTIVE ACTION ALLEGATION

20. Section 216 of the Fair Labor Standards Acts provides that:

"An action to recover [unpaid overtime] may be maintained against any employer…in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C.§216(b) *et. seq.*

Defendant Phillips 66 Pipeline LLC improperly reclassified several "non-exempt" employees as "exempt" employees and failed to pay such employees overtime as required by the FLSA. These reclassifications were done willfully and for the purpose of depriving its employees of the statutorily-mandated overtime premium for the overtime hours they work.

21. In addition to McNabb, Phillips has employed many other schedulers/programmers over the last three (3) years. These employees performed the same or similar job duties for Defendant as McNabb performed. Defendant also reclassified many of these employees from "non-exempt" to "exempt" employees in order to avoid payment for at one-and-one-half times their regular rates for those hours worked in excess of forty (40) hours in a workweek.

22. Phillips other employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All programmers and/or schedulers employed by Phillips 66 Pipeline LLC within the 3 years preceding the filing date of this complaint through the time of trial and who were subject to reclassification of employee "non-exempt" status as it relates to overtime payment under the Fair Labor Standards Act.**

## CAUSES OF ACTION

### Count I.-    Violation under Fair Labor Standards Act

A.    *Application of Fair Labor Standards Act.*

23. McNabb hereby re-alleges paragraphs 1-21 as if set out here in their entirety.

24. McNabb is an employee, and Phillips is an employer, as defined in the Fair Labor Standards Act, *Title 29, Sections 201–219, of the United States Code*. McNabb's principal activities while employed by Phillips were in commerce and the production of goods for commerce, or working for an enterprise engaged in commerce or the production of goods for commerce, as defined in the Fair Labor Standards Act.

**B.   *Violation of the FLSA*.**

25. During the most recent period of McNabb's employment with Phillips, the defendant wrongfully classified McNabb and several other similarly situated employees as exempt from overtime wages for FLSA purposes. McNabb's duties included creating work schedules, which are fundamentally clerical tasks; McNabb's duties do not qualify under any of the recognized exemptions to the FLSA. Thus, Phillips misclassified McNabb and, due to such misclassification, failed to pay McNabb and other similarly situated employees overtime of the statutorily-mandated overtime premium for the overtime hours they work in excess of 40 hours in a workweek.

26. McNabb and other similarly situated employees were no longer compensated for any overtime after being reclassified. The payments referred to above are less than the overtime compensation prescribed by law. Specifically, McNabb was and is entitled to an additional $26,824 annually from 2014 up until his termination in 2017, in accordance with the Fair Labor Standards Act, *Title 29, Sections 206 and 207, of the United States Code*. In addition, McNabb is entitled to recover an equal sum as liquidated damages.

27. After receiving McNabb's complaint to Defendant Pirolo, Defendants collectively instituted a campaign of retaliation against McNabb which included his termination on March 1,

2017. This retaliation was and is due to McNabb exercising his rights under the FLSA, and McNabb suffered additional damages due to this retaliation for which McNabb herein sues.

28. Furthermore, if not for the retaliatory conduct of Defendants, McNabb would be entitled to front pay equal to $130,000.00 annually from the date of his termination until the date he finds comparable employment. In addition, as a result of his lost income, McNabb has been forced to sell stock in his 401K in order to pay bills and child support. This has caused him to incur substantial early withdrawal penalties that would not have been incurred otherwise.

C.  *Willful Violation of Law*

29. Phillips' failure to pay McNabb and other similarly situated employees as required and as specified above was a willful violation of law, in that, the Phillips was aware that its conduct and pay practices violated the Fair Labor Standards Act, particularly in view of emails posted by the Defendants to various department managers explaining the basis for the reclassification.

### Count II.-   Violation of ERISA

30. Phillips' discriminatory acts were in violation of 29 U.S.C. § 1140 which provides:

> It shall be unlawful for any person to discharge, fine, suspend expel, discipline, or discriminate against a participant or beneficiary…for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ... The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

31. During the course of McNabb's employment, Phillips, by and through its employees, agents and managers, including Pirolo, interfered with McNabb's right to attain pension and employee benefits in violation of ERISA in the following and other respects:

(a) By terminating him on or about March 1, 2017;

(b) By using a pretext for his termination which did not result in discipline to other, similarly situated employees;

(c) By discriminating against him in the terms, conditions and privileges of his employment and interfering with his right to attain entitlement to his pension and employee benefits; and

(d) By stripping him of pension, health and insurance benefits because of the fact that such benefits were shortly to become vested due to his age and years of service to Phillips.

32. The above-described violations of ERISA by Defenands are causally related to Plaintiff's losses set forth more fully herein below.

## ATTORNEY'S FEES

33. It is necessary for Plaintiff to have the services of an attorney to institute and prosecute this action against Defendants. Plaintiff is entitled to all reasonable and necessary attorney's fees incurred in bringing this lawsuit.

## DAMAGES

34. McNabb sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove. Pursuant to the Fair Labor Standards Act, McNabb seeks a judgment against Defendants for all such legal and equitable relief he shall be entitled to for Defendants' violations of the FLSA. Pursuant to 29 U.S.C. § 1132(a), McNabb seeks a judgment against Phillips and Pirolo for all such legal and equitable relief he shall be entitled to for Defendants' violations of ERISA. Specifically, Plaintiff seeks:

    a. Reinstatement;

    b. Front pay for wages Plaintiff would have earned since his termination date;

    c. All reasonable and necessary attorney's fees incurred by or on behalf of

Plaintiff;

    d.    Back pay from the date that Plaintiff was denied overtime wages;

    e.    Liquidated damages equal to the amount of unpaid overtime compensation recovered;

    f.    All reasonable and necessary costs and expert fees incurred in pursuit of this suit;

    g.    Post-Judgement interest as provided by law; and

    h.    Any and all other damages to which Plaintiff is entitled under the law.

## JURY DEMAND

35. McNabb hereby demand a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Thomas McNabb, respectfully prays that the Defendants be cited to appear and answer herein; this Court enter an order allowing this action to proceed as a collective action under the FLSA; and that upon a final hearing of the cause, judgment be entered for McNabb and the other similar employees against Defendants for damages in an amount within the jurisdictional limits of the Court; together with unpaid minimum wages and overtime compensation; liquidated damages; attorney's fees and expenses; interest as allowed by law; costs of court; and such other and further relief to which McNabb and other similarly situated employees may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Patrick B. Larkin

Patrick B. Larkin
Attorney-in-Charge
Texas Bar No. 24013004
Southern District Bar No: 36529
E-Mail: plarkin@larkin-law.com
11200 Broadway, Suite 2705

Pearland, Texas 77584
Tel. (281) 412-7500
Fax. (281) 412-7502

Attorney for Plaintiff
THOMAS MCNABB